IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEWIS FAULK, GH-7035, )
    Petitioner, )
     )
    v. ) 2:11-cv-918
     )
MARIROSA LAMAS et al., )
    Respondents. )

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Lewis Faulk for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Lewis Faulk an inmate at the State Correctional Institution at Rockview has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Faulk is presently serving a six to twenty year sentence imposed following his conviction, by a jury, of aggravated assault and simple assault at No. CP-65-CR-5105 of 2003 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on June 13, 2005.[1]

An appeal was taken to the Superior Court in which the issues presented were:

A. Whether defendant was denied his rights under the Sixth Amendment to the United States Constitution, Article I, Section 9 of the Pennsylvania Constitution, and Pa.R.Crim.P. 602(A) to be present at trial because defendant's purported waiver was neither knowing nor intelligent?
B. Whether the sole eyewitness' conflicting statements provided an adequate basis to support the jury's verdict that defendant was guilty of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1)?

---

[1] See: Petition at ¶¶ 1-6.

1

C. Whether the evidence was sufficient to support the jury's implied finding that defendant consciously disregarded an unjustified risk of death or serious bodily injury?
D. Whether the evidence was sufficient to support the jury's implied finding that defendant exhibited reckless conduct to the degree that life-threatening behavior was certain to occur?
E. Whether the trial court abused its discretion by setting defendant's maximum sentence at twenty (20) years?[2]

On June 15, 2007, the judgment of sentence was affirmed.[3]

A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the sole question was:

> Whether the Superior Court erred in affirming the judgment of sentence because the trial court's colloquy upon defendant's request to be absent from the courtroom during his jury trial failed to inform defendant that his absence from the trial would constitute a waiver of his rights to confront and cross-examine witnesses, and to testify on his own behalf, as required by the Supreme Court's holding in Commonwealth v. Vega [553 Pa.225 (1988)]?[4]

Leave to appeal was denied on January 30, 2008.[5]

Faulk filed a post-conviction petition on January 28, 2009 and relief was denied on July 2, 2010.[6] A pro-se appeal to the Superior Court was filed in which the questions presented were:

1. Did the lower court error in failing to find appellant's constitutional right to effective assistance of trial counsel, under both the Sixth (6th) Amendment of the United States Constitution, Article One (1) § Nine (9) of the Pennsylvania Constitution, were violated in that counsel failed to withdraw as counsel pretrial in the face of an actual conflict between appellant and counsel.
2. Did the lower court error in failing to find appellant was denied his constitutional right to effective assistance of counsel, under both the Sixth (6th) Amendment of the United States Constitution, Article One (1) § Nine (9) of the Pennsylvania Constitution were violated, in that counsel failed to advocate and protect appellant's right of self-representation.
3. Was appellant held to an unreasonable standard by the PCRA court in applying the requirements of 42 Pa.C.S.A. §9545(d)(1), which was highly prejudicial to appellant.
4. Did the lower court error in failing to find that at a pretrial hearing in front of Judge Pezze, appellant's constitutional right under both the Sixth (6th)

---

[2] See: Answer at p. 86a.
[3] Id. at pp.112a-132a.
[4] Id. at p.138a.
[5] Id. at p.183a.
[6] See: Petition at ¶11.

> Amendment to the United States Constitution, Article One (1) § Nine (9) of the Pennsylvania Constitution were violated when Judge Pezze failed to conduct a full colloquy pursuant to Pa.R.Crim.P. 121.
> 5. Did the lower court error in failing to find that appellant was stripped of his pro se status by Judge Pezze at a pretrial hearing, and that was a direct violation of both the Sixth (6th) Amendment of the United States Constitution, Article One (1) § Nine (9) of the Pennsylvania Constitution. [7]

On April 11, 2011, the denial of post-conviction relief was affirmed.[8]

An application for allowance of appeal to the Pennsylvania Supreme Court nunc pro tunc was filed on June 28, 2011 in which the issues presented were:

> 1. Whether the Superior Court erred in affirming the PCRA court's order denying relief because the first and second issues were waived, that they should have been raised on direct review but was not despite requested by appellant, should have been addressed because this was the first time appellant could have raised these issues without unwanted representation, and the issue was presented to the PCRA court, Superior Court, as outlined in the Supreme Court's holding in Commonwealth v. Halley; Commmonwalth v. Pitts and Commonwealth v. Brown
> 2. Whether the Superior Court erred by sua sponte raising issues on behalf of the Commonwealth, in order to secure an unlawful finding of fact as outlined by the Supreme Court's holding in Danville Area School Dist. V. Danville Area Educ. Ass'n and Commonwealth v. Pitts?
> 3. Whether the Superior Court erred by not holding a fact intensive review of the issues based on the totality of the circumstances, as required by the Supreme Court in Commonwealth v. Davido?
> 4. Whether the Superior Court failed to consider all of the facts in evidence within the certified record in determining whether unwanted appointed counsel created a conflict of interest concerning the self-representation issue and what type of defense to present, which is up to the defendant not counsel, which was raised in appellant's PCRA?[9]

The latter petition for allowance of appeal is still pending.[10]

The petitioner now comes before this Court and seeks relief on the following claim:

> 1. The State Courts denied petitioner's Constitutional Rights protected under the 6th and 14th Amendments, in that the State Courts applied an unreasonable

---

[7] See: Answer at p.264a.
[8] Id. at pp.301a-313a.
[9] Id. at p.329a, and the Pennsylvania Supreme Court Docket No. 61 WM 2011. In his response to the answer (Docket No.16) the petitioner states that the Pennsylvania Supreme Court directed him to file two separate documents, i.e., a request for leave to file nunc pro tunc, and a petition for leave to appeal. It would appear that although the Supreme Court still carries this as an open case, the petitioner has elected not to proceed in that Court.
[10] See: Pennsylvania Supreme Court Docket No. 61 WM 2011.

3

determination of facts and law in failing to recognize and admit that petitioner did in fact seek pre-trial leave of self-representation before and at trial.[11]

The factual background to this prosecution is set forth in the June 15, 2007 Opinion of the Superior Court:

> Appellant was charged with aggravated assault and related offenses after he severely injured the victim by punching him in the face several times with a closed fist. The victim and another man, Mark Kastelic, had been watching television in Mr. Kastelic's living room when Appellant, who was an acquaintance of both men, came to the door. Mr. Kastelic admitted Appellant into the home and then walked toward the kitchen in the back to let his dog inside. Upon hearing some noises, Mr. Kastelic returned to the living room to find Appellant standing over the victim and hitting him in the face with a closed fist. The victim was beaten severely, bleeding profusely and barely conscious. Appellant then walked out the door and left the premises while Mr. Kastelic sought emergency medical care for the victim…
>
> The victim required many weeks of treatment for his trauma-related injuries, first at a hospital in the intensive care unit and then at a rehabilitation facility. His injuries included brain injury, several fractures, lost teeth and subdural hematoma. He experienced post-traumatic amnesia, and at the time of Appellant's trial, continued to have difficulty with memory, balances and walking.
>
> Appellant was arrested shortly after the incident and charged with, *inter alia*, aggravated assault and simple assault.
>
> A succession of attorneys was appointed to represent Appellant. Initially, in October 2004, Patricia Elliott, Esq., was appointed as Appellant's counsel; approximately six month later she filed a motion to withdraw, citing a menacing and intimidating letter that she had received from Appellant and an irretrievable breakdown of the attorney-client relationship. Following a hearing on June 9, 2004, the court granted attorney Elliott's motion to withdraw and appointed Brian Aston, Esq., as Appellant's new counsel. In September 2004, Appellant sent a letter to the trial judge, firing attorney Aston and demanding new counsel, based on Appellant's perception that attorney Aston was devoting insufficient attention to Appellant's case. A third attorney, Scott Avolio, was appointed to represent Appellant. Citing an unspecified conflict, Appellant petitioned the court to choose an attorney other than Mr. Avolio. The court then appointed a fourth attorney, Michael DeMatt, on November 12, 2004.
>
> Although Appellant was represented by appointed counsel throughout the pretrial and trial proceedings, he filed numerous *pro se* petitions, regarding, *inter alia*, alleged Rule 600 violations, bail bond, discovery and evidentiary matters. Appellant also sent three threatening and profane letters to the trial judge,

---

[11] See: Petition at pp.6-11.

demanding recusal. In October 2004, the trial judge recused herself, and a new judge assumed responsibility for Appellant's case.

A three-day jury trial commenced on January 5, 2005. Just before jury selection began, the court discussed with Appellant his dissatisfaction with his latest attorney, Mr. DeMatt. Appellant complained that Mr. DeMatt did not follow Appellant's instructions with regard to trial preparations, and Appellant stated to the court that he did not wish to be present for his trial. Appellant also threatened to disrupt verbally the *voir dire* proceedings. The court informed Appellant of his right to be present at trial and the risks of not exercising that right. However, Appellant refused to take an oath or to acknowledge the court's comments. Appellant was then transported from the courtroom, as he had requested. The trial was conducted in Appellant's absence, and after hearing extensive testimony, the jury found Appellant guilty of aggravated assault and simple assault…

Approximately one month after the end of the trial, Appellant filed a *pro se* motion to vacate his conviction, alleging ineffective assistance of counsel. Per order of the trial court, Attorney DeMatt withdrew and Attorney James Wells was appointed as Appellant's new counsel. Appellant then sent a letter to the clerk of courts, stating that he would hence forth proceed *pro se* and would rely on court-appointed counsel only in a co-counsel capacity. Following a hearing, the court denied Appellant's request to proceed *pro se*. However, the court directed Attorney Wells to withdraw and appointed Mark Shite, Esq., to represent Appellant. On June 13, 2005, the court sentenced Appellant to serve not less than six and not more than twenty years in prison…[12]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---
[12] See: Answer at pp. 112a-115a.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or

unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010).

Faulk now comes before this Court and contends he is entitled to relief on the grounds that his right to represent himself at trial was denied. This issue was clearly raised in the Pennsylvania appellate courts and for this reason, is properly before this Court.

In <u>Maynard v. Boone</u>, 468 F.3d 665, 676 (10th Cir.2006), cert. denied 549 U.S. 1285 (2007), the Court wrote:

> The Supreme Court has unequivocally held that the Sixth Amendment "grants to the accused personally the right to make his defense." <u>Faretta v. California</u>, 422 U.S. 806 (1975). But since the right to counsel is also constitutionally guaranteed, a defendant may waive the right to counsel only if the waiver is knowing, intelligent, and voluntary. <u>Edwards v. Arizona</u>, 451 U.S. 477, 482 (1981)… Of course, whether a waiver was knowing, intelligent, and voluntary "depends in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." <u>Edwards</u>, 451 U.S. at 482…
>
> Before a court may grant a waiver, it must ensure the defendant is "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." <u>Faretta</u>, 422 U.S. at 835… The trial judge has "the serious and weighty responsibility … of determining whether there is an intelligent and competent waiver by the accused." <u>Johnson v. Zerbst</u>, 304 U.S. 458 (1938)…
>
> The principal authority on "competent and intelligent" waiver is <u>Godinez v. Moran</u>, 509 U.S. 389 (1993), which reviewed a state court decision granting a defendant's motion to proceed pro se. The Supreme Court held that the trial court will not discharge its duty to ensure the waiver was valid when it determined only that the defendant was competent to stand trial without probing whether the waiver was also knowing and intelligent. A defendant "may not waive his right to counsel or plead guilty unless he does so 'competently and intelligently.' <u>Id.</u> at 401 …
>
> First the court must ensure the defendant is competent. Second, the waiver must be knowing and voluntary.

In this respect, we initially observe the court appointed six different attorneys to represent Faulk none of whom met with his approval or found that they could represent

him. Nevertheless, despite his insufferable conduct, the petitioner still enjoys certain constitutional protections: in this case the right to represent himself.

> In responding to this issue, the post-conviction Superior Court wrote that:
>
> In his first and second issues, Appellant essentially alleges the trial court abused its discretion in denying his request to proceed *pro se* and thus, violated his constitutional right to self-representation under the Sixth Amendment of the United States Constitution… However, this claim is waived as Appellant failed to raise it on direct appeal. **See** 42 Pa.C.S.A. § 9544(b)(providing that "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").
>
> In his third issue, Appellant brings a similar claim by asserting he was deprived of his constitutional right to self-representation by the ineffectiveness of one of his trial attorneys…
>
> However, "in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be **clear and unequivocal**." **Commonwealth v. Davido**, 582 Pa. 52, 64 (2005)…
>
> In the instant case, we find Appellant's underlying claim to be meritless as Appellant did not make a clear and unequivocal request for self-representation. We note with displeasure that Appellant repeatedly filed *pro se* motions while represented by counsel. Appellant expressed dissatisfaction with his numerous attorneys and requested that alternate counsel be appointed on several occasions. Yet Appellant neither expressly asked the trial court to proceed *pro se* nor directed his attorneys to advocate for his right to self-representation. The record does not contain a docketed motion in which Appellant asked to proceed *pro se*. Appellant maintains he filed a petition for *pro se* status on October 10, 2004, which he attached as an exhibit to his PCRA reply brief filed on July 16, 2010. However, this alleged motion was never docketed and a time stamped copy of this motion does not appear in the certified record. As both the trial court and the Commonwealth deny Appellant ever requested to proceed *pro se*, we cannot accept Appellant's assertion that this motion was filed in the trial court.[13]

These factual determinations of the Pennsylvania courts are entitled to a presumption of correctness. 28 U.S.C. §2254(e)(1). In addition, we have examined the transcripts from which it appears that at no time did the petitioner make a motion to proceed pro se. At the hearing held before Judge Pezze on November 1, 2004 after counsel was permitted to withdraw, the petitioner indicated that "I am pro se" and proceeded to discuss a motion to suppress and/or denial of a

---

[13] Id. at pp. 306a-309a.

pretrial release issue that he had filed (TT.11/1/2004 p.3); that while he might be familiar with the factual matters of the case, he was unfamiliar with the applicable law (TT.11/1/2004 pp.6-7) and the court related that the petitioner would be well advised to proceed with counsel and not try to represent himself (TT.11/1/2004 pp. 3,5,6,17). Nowhere did the petitioner make a request to represent himself.

Prior to the commencement of the trial on January 4, 2005, the petitioner was brought before the court and the petitioner expressed his dissatisfaction with counsel's representation in that counsel was not defending the case in the manner petitioner desired (TT.1/4/2005 p.19-22) and that he only wanted an attorney who would perform his bidding (TT. 1/4/2005 p.24). Again no request for self-representation was made.

In conjunction with the post-conviction/habeas filings, the petitioner had requested that he be permitted to represent himself.[14] As a result the court conducted an on-the-record colloquy on March 16, 2009 and concluded that the petitioner was competent to represent himself in all *further* proceedings (TT. 3/16/2009 p,21). No such determination was requested or made prior to that date.

Thus the record is devoid of any demonstration that the petitioner moved to represent himself. Rather, it fully supports the determinations by the state court that he was in need of counsel to present his defense, and that without properly moving to proceed pro se he permitted the proceedings to go forward with appointed counsel. For this reason the knowing, intelligent and voluntary waiver of counsel required to exercise his right of self-representation was never made or denied. And thus his rights to self-representation were not violated. Edwards v. Arizona, supra.

Because it is clear that the petitioner's conviction was not secured in any manner contrary to federal law as determined by the Supreme Court he is not entitled to relief here. Accordingly, it is recommended that the petition of Lewis Faulk for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

---

[14] See: Transcript of March 16, 2009 hearing.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: November 30, 2011

Respectfully submitted,
s/Robert C. Mitchell
United States Magistrate Judge